UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTER,<br><br>               Plaintiff,<br><br>    v.<br><br>D. AVILES, et al.,<br><br>           Defendants. | No.  1:25-cv-01707-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>(ECF No. 12) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed February 5, 2206. (ECF No. 12.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On October 10, 2024, at approximately 4:00 p.m., Plaintiff was housed at Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) on D-yard, building 5, cell 139. While being housed there, Plaintiff worked in the PIA, Monday through Friday, until approximately 3:00 p.m.

On this same date, when Plaintiff returned from work he got a message on his tablet that his mother passed away and to call home as soon as possible.  Plaintiff then asked an inmate

2

porter to have Defendant Diego Aviles to respond to Plaintiff's cell. When Aviles went to Plaintiff's cell door, Plaintiff asked if he could possibly use the phone and explained to Aviles what he found out asked to be allowed to call his family. Defendant told the Plaintiff that he had to wait until he was given "dayroom." Plaintiff explained to Aviles that night top tier had dayroom and because of his job hours he would have to wait until the next night at 7:30 p.m. Plaintiff asked if he could 'just get 5 minutes to call?" Defendant Aviles said, "No, I don't give a fuck! If you don't like it quit your job. PIA is a privilege."

At 4:00 p.m. medication pill line was called and Plaintiff's cell door was open. Upset and angry, Plaintiff exited his cell with his voice raised stating, "I bust my ass all day for the prison. My mom died. You have 20 guys in the dayroom who aren't even suppose to [sic] be out. Why does PIA get screwed around here." At this time, Defendant Aviles told Plaintiff he was being disruptive and told him to cuff up. Plaintiff immediately complied as he was not trying to get a write-up and loss his job.

Defendant Aviles then contacted central control via radio to notify of having a disruptive inmate and pushed the alarm. Aviles escorted Plaintiff out of the building. After exiting, Defendant Jethro Banania told hold of Plaintiff's arm. It is well known that Defendant Jethro Banania enjoys assaulting inmates especially while they are in restraints. During this time, Plaintiff was compliant with Defendant Aviles.

When Banania grabbed Plaintiff's harm, Plaintiff told sergeant Michael Hernandez, "I don't want him to escort me! I don't feel safe." At that point, Defendant Aviles picked Plaintiff up off the ground and slammed him on his face. At the exact same time, Defendant Jethro Banania punched Plaintiff in the right side of the face. As Plaintiff hit the ground, Defendant Banania tripped and landed on Plaintiff's back and head. Defendant Alfred Plascencia then pushed Plaintiff's face into the hot asphalt giving him severe road rash on the whole side of his face. All three Defendants continued to grind Plaintiff's face into the asphalt. Defendant Noe Bonilla then jumped on Plaintiff's back and began to punch and knee him.

Defendant Jethro Banania has an extensive history of assault on inmates who are in restraints, and he has openly admitted to the Plaintiff and other inmates that he is a proud member

3

of the "green wall" gang known by the FBI as a cartel.  Correctional officers join the "green wall" who are proud and brag about assaulting inmates.

Defendants falsified all the reports.  Defendant Aviles lied and claimed that Plaintiff "gassed" him by spitting on him multiple times.  Plaintiff has requested the "DNA" test results on the alleged "spit," yet CDCR has refused to supply it.

When Plaintiff was in administrative segregation he attempted to file an inmate grievance and was stonewalled by multiple staff and officers stating they knew it was a staff complaint and would not be involved.  Internal affairs investigated and proved Plaintiff did not "spit" on anyone.

Internal Affairs Officer Defendant R. Carriedo lied in violation of the California Government Code and California Penal Code by stonewalling the investigating keeping the code of silence to protect the Defendants.

## III.

## DISCUSSION

### A.    Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

4

Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Liberally construed, Plaintiff's allegations sufficiently stated a cognizable claim for excessive force against Defendants Diego Aviles, Jethro Banania, Noe Bonilla, and Alfred Plascencia.

**B.      False Reports**

To the extent Plaintiff alleges that Defendants falsified reports regarding the alleged incident, such claim is not cognizable.  The creation of false evidence, standing alone, is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Johnson v. Felker, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted).

**C.      No Right to Appeals Process or to a Particular Investigation**

To extent Plaintiff is challenging how his grievances were handled, a prison official's processing of an inmate's appeals, without more, cannot serve as a basis for Section 1983 liability. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed Section 1983 claims against defendants who "were only involved in the appeals process") (citing Ramirez, 334 F.3d at 860); Evans v. Cisneros, No. 1:22-CV-01238 AWI BAM PC, 2023 WL 2696670, at *5 (E.D. Cal. Mar. 29, 2023) (no claim for failing to address appeals).

5

To the extent Plaintiff is attempting to hold Internal Affairs Officer R. Carriedo or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Page v. Stanley, No. CV 11-2255 CAS (SS), 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"); Ellis v. Cnty. of Kern, No. 1:22-CV-00436 ADA BAM PC, 2023 WL 7005188, at *5 (E.D. Cal. Oct. 24, 2023), report and recommendation adopted, No. 1:22-CV-00436 NODJ BAM PC, 2023 WL 8934370 (E.D. Cal. Dec. 27, 2023) (stating no claim existed for Defendants failure to investigate Plaintiff's appeal regarding alleged excessive force and sexual assault).

### D.     Violation of California Penal Code

To the extent Plaintiff is alleging that R. Carriedo violated the California Penal Code, there is no provision for civil enforcement of any kind under such statute. See Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (district court properly dismissed claims brought under several sections of the California Penal Code because those code sections did not create enforceable individual rights); Bailey v. Leonhardt, 481 Fed. Appx. 381, 382 (9th Cir. 2012) ('The district court properly dismissed several of [plaintiff's] claims before trial because they relied on criminal statutes that provided no private right of action' ") (unpublished); Stephen v. Tilestone, No. 2:20-cv-1841 KJN P, 2021 WL 289379, at *4 (E.D. Cal. Jan. 28, 2021) ("plaintiff has not established that California Penal Code Section 2600 permits a private right of action. 'A private right of action under a criminal statute has rarely been implied.' "); Roberts v. Beard, No. 15cv1044 WQH (RBM), 2019 WL 332704, at *11 (S.D. Cal. Jan. 25, 2019) ("With regard to Plaintiff's alleged violations of the California Penal Code [§§ 2600, 2651 & 2601(b)], Plaintiff fails to state a claim."); Harvey v. City of South Lake Tahoe, No. CIV S-10-1653 KJM EFB PS,

6

2011 WL 3501687, at *7 (E.D. Cal. Aug. 9, 2011) (noting California criminal statutes do not provide a private right of action without statutory reference).

In addition, there is no claim for conspiracy based on the alleged "code of silence," aka "green wall." See Razaq v. Cal. Dep't of Corr., No. 1:20-cv-01116-BAM (PC), 2020 WL 5797931, at *3 (E.D. Cal. Sept. 29, 2020) ("A bare allegation that defendants 'Green Wall' conspired to violate inmates' constitutional rights will not suffice to give rise to a conspiracy claim under section 1983."); see also Jones v. Jimenez, No. 1:14-cv-02045-LJO-SAB (PC), 2015 WL 8538922, at *7 (E.D. Cal. Dec. 11, 2015) (finding prisoner's references to "green wall" conspiracy tactics insufficient to state a cognizable conspiracy claim); Taylor-El v. Cisneros, 2023 WL 11828680, at *8 (E.D. Cal. June 27, 2023) ("A bare allegation that Defendants 'green wall' conspired to violate inmates' constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.").

### E.    Further Leave to Amend

Because Plaintiff was previously given leave to amend and his first amended complaint states a cognizable claim only for excessive force only and is deficient in all other respects, further leave to amend would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

### IV.

### ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.    The instant action proceed only on Plaintiff's excessive force claim against Defendants Diego Aviles, Jethro Banania, Noe Bonilla, and Alfred Plascencia; and

2.    All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 12, 2026**                    _____

STANLEY A. BOONE
United States Magistrate Judge

8