ROB BONTA, State Bar No. 202668
Attorney General of California
JANET N. CHEN, State Bar No. 283233
Supervising Deputy Attorney General
JOHANNE VERPIL-GREER, State Bar No. 342346
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6681
 Fax:  (916) 731-3641
 E-mail:  Johanne.Greer@doj.ca.gov
Attorneys for Defendants D. Aviles, J. Banania,
N. Bonilla, and A. Plascencia

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DJ CARPENTER,**<br><br>Plaintiff,<br><br>v.<br><br>**AVILES, et al.,**<br><br>Defendants. | 1:25-cv-01707-JLT-SAB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:          The Hon. Stanley A. Boone<br>Trial Date:     Not Set<br>Action Filed:  December 2, 2025 |

Defendants D. Aviles, J. Banania, N. Bonilla, and A. Plascencia (Defendants) answer

Plaintiff DJ Carpenter's First Amended Complaint (FAC) (ECF No. 12) as follows. Unless stated

otherwise, except for those allegations that are expressly admitted herein, Defendants deny each

and every allegation in the FAC.

   1.     In response to the first page, Plaintiff's handwritten portion above section captioned

"I Parties" (p. 1.[1]), Defendants admit that Plaintiff is currently incarcerated at California

Substance Abuse Treatment Facility and State Prison (SATF-SP).

---

   [1] Citations to the FAC and its attachments refer to the pagination provided by the Court's electronic filing system.

1

2.    In response to the section of the form complaint captioned "I PARTIES" and Plaintiff's handwritten portions (pp. 1-2), Defendant responds as follows:

a.    Defendants admit that Plaintiff is currently incarcerated at SATF-SP and brings a suit under 42 U.S.C. § 1983 alleging constitutional violations.

b.    Defendants admit that Defendant Aviles is, and at times relevant to the Complaint was, employed as a correctional officer at SATF-SP;

c.    Defendants admit that Defendant Banania is, and at times relevant to the Complaint was, employed as a correctional officer at SATF-SP;

d.    Defendants admit that Defendant Plascencia is, and at times relevant to the Complaint was, employed as a correctional officer at SATF-SP;

e.    Defendants admit that Defendant Bonilla is, and at times relevant to the Complaint was, employed as a correctional officer at SATF-SP;

f.    Defendants admit that the FAC names as a defendant, and purports to assert claims against, another individual who has been dismissed from this action; however, Defendants lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations concerning these such individuals and on that basis deny them.

3.    In response to the section of the form complaint captioned "II EXHAUSTION OF ADMINISTRATIVE REMEDIES" and Plaintiff's handwritten portions (p. 2), Defendants admit that a grievance procedure is and was available at Plaintiff's places of confinement while in the custody of the California Department Corrections and Rehabilitation, and that Plaintiff submitted one or more administrative grievances relating to the claims asserted in this action. However, Defendants lack the knowledge or information sufficient to form a believe about the truth of Plaintiff's allegation that he properly and fully exhausted this claim and deny it on that basis.

4.    In response to the section of the form complaint captioned "III CAUSE OF ACTION" and Plaintiff's handwritten portions (p. 2), Defendants admit that Plaintiff brings a suit under 42 U.S.C. § 1983 alleging constitutional violations.

5.    In response to the section of the form complaint captioned "SUPPORTING FACTS" and Plaintiff's handwritten portions (pp. 2-9), Defendants respond as follows:

2

a.    In response to the allegations contained in paragraphs 1 through 3, Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this portion of the FAC and deny them on that basis.

b.    In response to the allegations contained in paragraph 4, Defendants admit that Defendant Aviles spoke to Plaintiff, outside of his cell, on October 9, 2024. However, Defendants deny that Defendant Aviles spoke to Plaintiff regarding any "message." Moreover, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury. Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

c.    In response to the allegations contained in paragraph 5, Defendants admit that Defendant Aviles informed Plaintiff he had to wait for access to the day room.

d.    In response to the allegations contained in paragraphs 6 through 11, Defendants admit that Defendant Aviles and Plaintiff had a conversation regarding "PIA" workers' access to the day room and that Plaintiff's "tier" did not have access to the day room at that time. However, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury. Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

e.    In response to the allegations contained in paragraphs 12 through 14, Defendants admit that Defendant Aviles told Plaintiff he was being disruptive and ordered him to "cuff up." Additionally, Defendants admit that Plaintiff complied with Defendant Aviles's command. However, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury. Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

f.    In response to the allegations contained in paragraphs 15 through 16, Defendants admit that Defendant Aviles contacted central control via his radio regarding a disruptive inmate. Additionally, Defendants admit that Defendant Aviles escorted Plaintiff out of

3

the building. However, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury.

g.     In response to the allegations contained in paragraph 17, Defendants admit that Defendant Aviles escorted Plaintiff out of the building and Defendant Banania was a responding officer who then maintained coverage behind Defendant Aviles and Plaintiff while they exited the building. However, Defendants deny that Defendant Banania grabbed Plaintiff by the arm. Additionally, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury. Defendants lacks the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

h.     In response to the allegations contained in paragraphs 18 through 20, Defendants deny that Defendant Banania "enjoys assaulting inmates especially while they are in restraints." Additionally, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury. Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

i.     In response to the allegations contained in paragraphs 21 through 22, Defendants admit that, after Plaintiff turned towards Defendant Banania, Defendant Aviles used his body weight and pushed Plaintiff forward towards the ground. However, Defendants deny that Defendant Aviles slammed Plaintiff's face into the ground. Additionally, Defendants deny that Defendant Banania punched Plaintiff on the right side of his Plaintiff's face. Furthermore, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury. Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

j.     In response to the allegations contained in paragraphs 23 through 25, Defendants deny that Defendant Banania "tripped and landed on Plaintiff's back and head." Defendants deny that Defendant Plascencia "came over and pushed Plaintiff's face into the hot

4

asphalt." Additionally, Defendants deny that Defendants Aviles, Banania, and Plascencia "ke[pt] grinding Plaintiff's face into the asphalt." Furthermore, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury. Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

k.   In response to the allegations contained in paragraphs 26 through 27, Defendants deny that Defendant Bonilla "jumped into the assault by jumping onto the Plaintiff's back, punching and kneeing him in the back," Furthermore, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury. Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

l.   In response to the allegations contained in paragraphs 28 through 29, Defendants deny that Defendant Banania has an "extensive history of assaults on inmates who are in restraints." Additionally, Defendants deny that Defendant Banania is a "proud member of the "Green Wall" [g]ang known by the FBI as a Cartel."

m.   In response to the allegations contained in paragraphs 30 through 31, Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this portion of the FAC and deny them on that basis.

n.   In response to the allegations contained in paragraph 32, Defendants deny that "[a]ll the reports these Defendants wrote are all lies." Moreover, Defendants deny that they violated any of Plaintiff's rights or caused any cognizable or compensable injury.

o.   In response to the allegations contained in paragraph 33, Defendants deny that Defendant Aviles "lied" and claimed that Plaintiff "gassed" him by spiting on Defendant Aviles multiple times. Additionally, Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in this portion of the FAC and deny them on that basis.

p.     In response to the allegations contained in paragraphs 34 through 37, Defendants lack the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this portion of the FAC and deny them on that basis.

q.     In response to the allegations contained in paragraph 38, Defendants admit there is video evidence of this incident.

r.     In response to the allegations contained in paragraphs 39 through 40, this allegation contains legal argument and conclusions to which no response is required. Nonetheless, Defendants deny the allegations.

6.     In response to the section of the form complaint captioned "IV RELIEF" and handwritten portions (pp. 8-9), Defendants deny that Plaintiff suffered any injuries due to their conduct and deny that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1.     The FAC fails to state any claim on which relief can be granted.

2.     Plaintiff's claims are barred to the extent that they were not timely filed within the applicable statute of limitations.

3.     To the extent Plaintiff has failed to properly and fully exhaust available administrative remedies, his claims are barred by 42 U.S.C. § 1997e.

4.     To the extent that Plaintiff has acted in bad faith with respect to the allegations made in his FAC, the action is barred under the doctrine of unclean hands.

5.     Defendants are entitled to immunity or qualified immunity.

6.     Plaintiff's § 1983 claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997) because success on his claims would necessarily imply the invalidity of an underlying conviction disciplinary finding.

7.     Plaintiff's own conduct has contributed to his damages, if any.

8.     Plaintiff failed to mitigate his damages, if any.

9.     Plaintiff is not entitled to punitive damages because the answering Defendants did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any other injury.

10.    To the extent that Plaintiff has previously litigated the issues raised in this Complaint, the Complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel.

Because Plaintiff's FAC is couched in vague and conclusory terms, Defendants cannot fully anticipate affirmative defenses that may be applicable to this matter. Defendants reserve the right to assert additional defenses to the extent such affirmative defenses are applicable.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Defendants demand that this action be tried by a jury.

## PRAYER FOR RELIEF

Defendants pray that the Court provide the following relief:

1.    That Plaintiff take nothing by reason of his FAC;

2.    That judgment be rendered in favor of the Defendants;

3.    That Defendants be awarded cost of suit and attorneys' fees pursuant to 42 U.S.C. Section 1988;

4.    Any other relief as the Court deems just and proper.

Dated:  July 13, 2026                               Respectfully submitted,

                                                    ROB BONTA
                                                    Attorney General of California
                                                    JANET N. CHEN
                                                    Supervising Deputy Attorney General


                                                    *Johanne Verpil-Greer*

                                                    JOHANNE VERPIL-GREER
                                                    Deputy Attorney General
                                                    *Attorneys for Defendants D. Aviles, J. Banania, N. Bonilla, and A. Plascencia*

SA2026301753
68579972

# CERTIFICATE OF SERVICE

Case Name:  **DJ Carpenter (BW1989) v. Aviles, et al.**    No.    **1:25-cv-01707-JLT-SAB**

I hereby certify that on July 13, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On July 13, 2026, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

DJ Carpenter **CDCR# BW1989**
California Substance Abuse Treatment
Facility & State Prison, Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 13, 2026, at Los Angeles, California.

| K. Pastrana Hernandez | /s/ K. PASTRANA HERNANDEZ |
|---|---|
| Declarant | Signature |

SA2026301753
68583013