UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJ CARPENTER, | No.  1:25-cv-01707-JLT-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME, REQUEST TO PRESERVE EVIDENCE, AND APPOINTMENT OF COUNSEL |
| v. | |
| D. AVILES, et al., | (ECF No. 26) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is currently set for post-screening settlement conference on October 15, 2026. (ECF No. 25.)

Currently before the Court is Plaintiff's motion for an extension of time, request to preserve video evidence, and request for appointment of counsel, filed July 13, 2026.  (ECF No. 26.)

Plaintiff submits that he is currently hospitalized and unable to meet the July 12, 2026, deadline.  Plaintiff also submits that the incident underlying this case was recorded on the institutional video systems and he requests a court order to preserve such evidence.  Plaintiff further seeks appointment of counsel if the Court should find appropriate.  Plaintiff's requests

1

shall be denied.[1]

Although Plaintiff contends that he is unable to meet the July 12, 2026, deadline, such deadline was for Defendants to file an answer which they timely did so. (ECF No. 24.) There are no other pending deadlines. Accordingly, Plaintiff's request for an extension of time is unnecessary.

With regard to the preservation of the video recording, Plaintiff is advised that a party is under an ongoing duty to preserve evidence which it knows or reasonably should know is relevant to an action. See Oracle Am., Inc. v. Hewlett Packard Enter. Co., 328 F.R.D. 543, 549 (N.D. Cal. 2018) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.") (citation omitted). "[T]he duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to the anticipated litigation." Id. (citation omitted). This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is generally sufficient to secure the preservation of relevant evidence. See Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991). Here, in their answer, Defendants acknowledge that there is video evidence of the incident (ECF No. 24 at 6), and Defendants have a legal duty to preserve all evidence relevant to this case. Because Plaintiff is not required to obtain a protective order to trigger such duty, his motion shall be denied.

Finally, with regard to Plaintiff's request for appointment of counsel, Plaintiff is advised that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light

---

[1] The Court notes that this motion was prepared and submitted by Plaintiff's mother (ECF No. 26). Although the Court will consider the instant request, any future filings by Plaintiff's mother will be subject to being returned without filing or stricken from the record without consideration.

of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, Plaintiff has failed to set forth exceptional circumstances to warrant appointment of counsel and the motion will be denied, without prejudice.

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion for an extension of time is denied as unnecessary;

2.   Plaintiff's motion for preservation of the evidence is denied; and

3.   Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **July 16, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3